## Cousins *v.* Jackson.

### *Action by Distributee on Administrator's Bond.*

*Conclusiveness of probate decree.* — A decree of the Probate Court against an administrator, in favor of a distributee, is conclusive evidence of the amount due to the distributee at the time of its rendition ; and in an action by the distributee against a surety on the administrator's bond, parol evidence of advancements made by the intestate in his lifetime, or of payments by the administrator prior to the rendition of the decree, cannot be received to reduce the amount.

APPEAL from the Circuit Court of Elmore.
Tried before the Hon. JAMES Q. SMITH.

ELMORE & GUNTER, for appellant.

WATTS & TROY, *contra.*

B. F. SAFFOLD, J. — The appellant sued the appellee on his bond as surety of the administrator of his father's estate, to recover the amount of a judgment for his distributive share, rendered against the administrator in the Probate Court, on the 9th of November, 1860.

The plaintiff having introduced in evidence a transcript of the decree of the Probate Court, the defendant was permitted to examine a witness touching an interlineation on the original entry of the decree, which did not appear from the transcript to have been interlined. The purpose of this testimony seems to have been, not to impeach the transcript or the decree, but to show a credit on the decree, entered subsequently to its rendition, of five hundred dollars " advanced to him "— the plaintiff. The defendant claimed that this credit was in addition to a receipt for $500, which the plaintiff had given to his father, specifying that it was to be charged as an advancement, "to be discounted with interest from its date." The plaintiff contended that it was the same. Besides this receipt, there was

[Childress v. Childress.]

evidence tending somewhat to show a payment of money by the administrator, for the benefit of the plaintiff, prior to the decree. The charges of the court were based on issues made on this testimony. The verdict was for the defendant.

Advancements made to a distributee, whether before the death of the intestate or afterwards, by his administrator, are proper matters to be included in the final settlement of the administration, and are involved in the issues upon which a judgment is rendered against the administrator in favor of the distributee. Rev. Code, 1898, 1902. The judgment is therefore conclusive evidence of the amount due to the distributee at its date. All of the evidence above cited was inadmissible to prove a satisfaction. 2 Phil. Ev. 17, and notes.

The judgment is reversed, and the cause remanded.